UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD F.,

    Plaintiff,

 v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. 3:19-CV-5478-DWC

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

  Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the Commissioner of the Social Security Administration's ("Commissioner") denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

  After considering the record, the Court concludes the Administrative Law Judge ("ALJ") properly analyzed Plaintiff's credibility and the lay opinion testimony. As the ALJ's decision

finding Plaintiff not disabled is supported by substantial evidence, the undersigned affirms the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g).

FACTUAL AND PROCEDURAL HISTORY

On March 11, 2016, Plaintiff filed an application for DIB, alleging disability as of September 14, 2015. *See* Dkt. 16, Administrative Record ("AR") 15. The application was denied upon initial administrative review and on reconsideration. *See* AR 15. A hearing was held before ALJ Gerald J. Hill on May 11, 2018. *See* AR 15. In a decision dated July 17, 2018, the ALJ determined Plaintiff to be not disabled. *See* AR 21. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff asserts the ALJ erred by failing to properly consider: (1) Plaintiff's subjective symptom testimony; and (2) Plaintiff's spouse's lay witness testimony. Dkt. 13, pp. 3-12. Plaintiff requests remand for an award of benefits. *Id.* at p. 11.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

I. **Whether the ALJ provided specific, clear, and convincing reasons for finding Plaintiff's subjective symptom testimony not fully supported.**

Plaintiff contends the ALJ erred by failing to provide specific, clear, and convincing reasons for finding Plaintiff's subjective symptom testimony not fully supported. Dkt. 13.

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. Questions of credibility are solely within the control of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *Id.* at 579.[1] Plaintiff has a history of pancreatitis, dating back to as early as 2003. *See* AR 231. Plaintiff reported that he experiences severe abdominal pain and occasionally severe headaches. AR 32-33, 42. Plaintiff says he deals with his pain most of the time by sleeping. AR 34, 42. Plaintiff testified he can drive short distances but cannot walk more than a couple of blocks. AR 35, 37. Plaintiff said he can go to the grocery store alone, but has trouble doing chores around the house such as laundry or doing the dishes. AR 35. Plaintiff reported that he can stand for 10 to 15 minutes but cannot lift garbage or laundry. AR 37. Plaintiff spends his time reading, watching television, and spending time with his two pet cats. AR 35.

---

[1] On March 28, 2016, the Social Security Administration changed the way it analyzes a claimant's subjective symptom testimony. *See* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016); 2016 WL 1237954 (Mar. 24, 2016). The term "credibility" is no longer used. 2016 WL 1119029, at *1. Further, symptom evaluation is no longer an examination of a claimant's character. *See id.* at *10 ("adjudicators will not assess an individual's overall character or truthfulness"). However, the applicable Ninth Circuit case law still refers to the term "credibility." *See Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (noting SSR 16-3p is consistent with existing Ninth Circuit precedent). Thus, the Court will use "credibility" and "subjective symptom testimony" interchangeably.

Plaintiff has tried several medications in attempt to ameliorate his pain but consistently reports that none provide any significant relief. *See* AR 246, 249, 266, 299, 326, 351. He consistently reports he does not like opiates because of how they make him feel. AR 243, 249, 270. Plaintiff testified that enzyme therapy was helpful in treating his nausea and diarrhea but not in treating his pain. AR 39, 297, 347.

After outlining the medical evidence contained in the record, the ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record…" AR 18.

First, the ALJ discussed Plaintiff's testimony and found it was not supported by the medical evidence of record, which the ALJ called "relatively sparse." AR 18. The ALJ essentially found that Plaintiff's lack of treatment supports the conclusion of nondisability. A determination that a claimant's complaints are "inconsistent with clinical observations" can satisfy the clear and convincing requirement. *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). Further, "[t]he ALJ is permitted to consider lack of treatment in his credibility determination." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). But an ALJ cannot draw adverse credibility inferences based on failure to seek regular medical treatment without first considering the claimant's explanations. SSR 96–7p, 1996 WL 374186, at *3 (July 2, 1996); *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

Plaintiff's counsel argues Plaintiff's loss of insurance is the reason why the medical record is sparse. AR 31. Plaintiff's counsel also points out that Plaintiff is entirely reliant on his wife's insurance, which has very limited coverage. AR 31. This requires Plaintiff to limit his clinical

visits because he has to pay out of pocket for medication and doctor's visits. AR 31. Plaintiff's counsel said this is another reason why the medical record is sparse. AR 31.

The ALJ considered, then addressed Plaintiff's loss of insurance and found it did not keep Plaintiff from getting treatment for longer than a short time. AR 19. In support, the ALJ referenced a medical note from PA-C Melissa Sharp, which stated that "[Plaintiff] experienced recent changes in his insurance, with loss of employment for his wife. He is now back under the care of his primary care team." AR 19, 347. However, the ALJ did not address the statement from Plaintiff's counsel that because the insurance coverage is so limited, Plaintiff limits his clinical visits in order to afford paying for them. The ALJ should have considered Plaintiff's explanations of why he failed to seek medical treatment, which included his insurance's limited coverage and the corresponding costs of paying for clinical visits. SSR 96–7p, 1996 WL 374186, at *3 (July 2, 1996); *see also Fair*, 885 F.2d 597 at 603. Thus, discounting Plaintiff's testimony regarding his symptoms and limitations because he did not seek treatment is not a clear and convincing reason supported by substantial evidence.

Second, the ALJ discussed the extent to which Plaintiff was treated, essentially finding that Plaintiff's favorable response to conservative treatment undermines Plaintiff's report of disabling pain. *See* AR 19. The ALJ noted that "[w]hen treated with enzymes, [Plaintiff's] weight remained stable and he was free of constipation and diarrhea." AR 19. The ALJ supports this finding with a citation to the record where PA-C Sharp indicated Plaintiff's weight remained stable and Plaintiff reported no new diarrhea or constipation while taking the enzymes. AR 19; AR 344. The ALJ also noted that Plaintiff's "[n]ausea and abdominal pain, while not completely relieved, were ameliorated with treatment." AR 19.

An ALJ may consider "evidence of 'conservative treatment'" in assessing a claimant's subjective symptom testimony. *Parra v. Astrue*, 481 F.3d 742, 750-751 (9th Cir. 2007) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)). Conservative treatment can be "sufficient to discount a claimant's testimony regarding [the] severity of an impairment." *Id*. Further, an ALJ may discount a claimant's testimony when the claimant's subjective complaints of pain are inconsistent with the level of treatment received. *See Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (rejecting subjective pain complaints where petitioner's "claim that she experienced pain approaching the highest level imaginable was inconsistent with the 'minimal, conservative treatment' that she received").

Here, Plaintiff and several of his care providers indicated he responded favorably to the enzyme treatment. PA-C Sharp said the enzyme therapy "has provided improved control of [Plaintiff's] chronic symptoms" and "[w]ith regular access to this therapy, and daily dosing, he has improved abdominal pain, improved stooling and less nausea." AR 353. Plaintiff also agreed the enzyme treatment improved digestive health, yet did not help alleviate any pain. AR 39. But Plaintiff noted that when he was off the enzymes, "he was significantly worsened…" AR 347. Dr. Jason Sugar said Plaintiff's "[p]ain is better when he takes his [enzymes]…" AR 350; *see also* AR 291. PA-C Sharp indicated Plaintiff's anti-nausea medication showed "great improvement with his nausea." AR 347. PA-C Sharp also stated that although Plaintiff was not responding to standard therapies, she was "not inclined to give narcotic pain medication at this time" and believed "[Plaintiff] also has functional symptoms." AR 328. She opined Plaintiff's symptoms may be caused by irritable bowel syndrome and not pancreatitis. AR 328.

Other physicians also questioned Plaintiff's diagnosis of pancreatitis. Dr. Mark Doane stated he is "not 100% convinced it is chronic pancreatitis." AR 267. Dr. Christine Pizzute said

Plaintiff's diagnosis of pancreatitis was "somewhat in question" for her and noted Plaintiff's report that his symptoms get better when he lays down is inconsistent with pancreatitis because it often gets worse when lying down. AR 271. Dr. Sugar opined Plaintiff's chronic abdominal pain is "somewhat atypical for chronic pancreatitis…" AR 291. Dr. Sugar also noted Plaintiff had some improvement in his abdominal pain with the enzyme treatment. AR 291. *See Wilson v. Colvin*, 2013 WL 4040122, at *7 (C.D. Cal. Aug. 8, 2013) ("An ALJ may properly rely on the fact that medication is helpful to discount a claimant's credibility").

Further, the objective medical evidence supports the ALJ's conclusion that Plaintiff responded favorably to conservative treatment. *See* AR 19. For example, several care providers questioned whether Plaintiff's diagnosis of pancreatitis was correct, including PA-C. Sharp and Drs. Doane, Pizzute, and Sugar. *See* AR 328, 267, 271, 291. Some of the treatment notes indicated Plaintiff was receiving at least some amount of pain relief from his enzyme treatment. *See* AR 291, 350, 353. Plaintiff had an endoscopy performed which revealed a normal esophagus, stomach, and duodenum. AR 293. Plaintiff was diagnosed with internal hemorrhoids and had a small benign polyp removed from his rectum during a colonoscopy, which reported an otherwise normal exam of Plaintiff's colon. AR 294. A test analyzing Plaintiff's gastrointestinal system found normal gastric emptying. AR 343. Finally, no care providers in the record found Plaintiff's limitations disabling. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

The ALJ also cited Plaintiff's refusal of narcotics as support that Plaintiff responded favorably to conservative treatment. AR 19. Where a claimant has good reason for not seeking more aggressive treatment, a conservative course of treatment is not a proper basis for rejecting the claimant's credibility. *Id.* at 1164. Here, Plaintiff consistently reported that he does not like

opiates because of how they make him feel. AR 243, 249, 270. The ALJ did not consider why Plaintiff repeatedly refused to try narcotics for his pain. Thus, Plaintiff's refusal of narcotics does not support the ALJ's conclusion that Plaintiff responded favorably to conservative treatment. *See* SSR 16-3p ("We will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints."). But, as substantial evidence supports the ALJ's findings that Plaintiff responded favorably to conservative treatment by participating in the enzyme treatment, this was a specific, clear, and convincing reason to discount Plaintiff's subjective symptom testimony. S*ee Beistek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations and quotation marks omitted) ("substantial evidence" means only evidence such that "a reasonable mind might accept as adequate to support a conclusion").

Although the ALJ provided other reasons to discount Plaintiff's testimony, the Court need not assess whether these reasons were proper, as any error would be harmless. *See Presley-Carrillo v. Berryhill*, 692 Fed. Appx. 941, 944-45 (9th Cir. 2017) (citing *Carmickle*, 533 F.3d at 1162 (although an ALJ erred on one reason he gave to discount a medical opinion, "this error was harmless because the ALJ gave a reason supported by the record" to discount the opinion). Accordingly, the ALJ did not err in his credibility determination.

**II.     Whether the ALJ provided germane reasons for discounting the lay testimony.**

Plaintiff maintains the ALJ erred by discounting the lay witness testimony of his wife, Rosemarie. Dkt. 13, pp. 9-10.

The ALJ gave Rosemarie's testimony partial weight and provided essentially the same reasons he gave for discounting Plaintiff's testimony. *See* AR 19-20. The Court finds the ALJ's

reason for discounting Plaintiff's testimony that Plaintiff responded positively to conservative treatment was specific, clear, and convincing. *See* Section I, *supra*. Thus, because the ALJ provided specific, clear, and convincing reasons for rejecting Plaintiff's own subjective complaints, and because Rosemarie's testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting Rosemarie's testimony. *See Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012); *see also Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (germane reasons provided for discounting a claimant's testimony are also germane to similar testimony by a lay witness). Further, the Court need not assess whether the ALJ's other reasons to discount Rosemarie's testimony were proper, as any error would be harmless. *See Presley*, 692 Fed. Appx. 941 at 944-45 (citing *Carmickle*, 533 F.3d at 1162). Thus, the Court affirms the ALJ's decision to discount Rosemarie's testimony. Accordingly, the ALJ did not err.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 31st day of December, 2019.

David W. Christel
United States Magistrate Judge

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 9